SPARKS & TYE, plaintiffs in error, *vs.* DAVID BURGHEIM, defendant in error.

Section 3987 of the Revised Code, requiring the plaintiff in *certiorari* to give the opposite party in interest written notice of the sanction of the writ, and time and place of hearing, at least ten days before the sitting of the Court to which it is returnable, etc., etc., applies to *certioraris* from the Justice Courts, and is still of force under the Constitution of 1868.

*Certiorari.*   Before Judge HOPKINS.   Fulton Superior Court,   October Term, 1870.

Sparks & Tye sued Burgheim in a Justice's Court; he pleaded a set-off, and obtained a judgment against them. They sued out a *certiorari*, returnable to October Term of said Court.   Sparks & Tye's counsel filed exceptions to the Justice's answer thereto.   When they were about to argue these exceptions, Burgheim's counsel moved to dismiss the

*certiorari*, because he had not been notified of the sanction of the writ, and of the time and place of hearing, ten days prior to the said term of said Court. (It was admitted that such notice was given during said term.) Sparks & Tye's counsel said this motion was out of order. The Court said it was not. They then proposed that time be given to Burgheim's counsel, if said notice was too recent. But this the Court refused, and dismissed the *certiorari* for want of such notice prior to the term. This is assigned as error.

MYNATT & DELL, for plaintiffs in error. Section 3987 not applicable to Justices' Courts. The question is not settled by 34th Ga. R., 122, or 36th, 523. The Act was passed in 1861. Section 3787 applies to Inferior and Ordinary Courts. See rule as to Justices' Courts. Rule S. C., No. 15, "Final Judgment," in section 3995, applies to Justices' Courts: 17th Ga. R., 429. Trial on merits favored: 30th Ga., R., 675-8; 36th, 393. The notice given was substantial compliance: 36th Ga. R., 396. The "time and place" of hearing is fixed by law, for the writ is returnable to term. The ten days means ten before the *hearing*, and not before Court sits.

JOHN MILLEDGE, Jr., for defendant.

McCAY, Judge.

There is nothing, either in the language nor in the object of section 3987 of the Code to confine its operation to any *particular* writs of *certiorari*. Indeed, the propriety of some kind of notice to the other side is very evident. We think the statute is rather rigid in the consequences which it imposes upon failure, but such is the law, and we are bound by it. We are unable to see why the fact that all writs of *certiorari* are to be sanctioned by the Judge under the new Constitution can affect the question. Notice is just as necessary now as it was when the *certiorari* issued, as a matter of course.

Judgment affirmed.